Per Curiam.

It is clear from the record that in March 1957 there was a “sale,” -within the meaning of Section 5739.01, Revised Code, of the motor equipment in question and a transfer of title thereto to appellee, at which time appellee was not a certificated operator authorized to engage in public utility service but did intend to so engage as soon as it was authorized. It is the purposed use of the equipment by the consumer or user that is determinative of the question of tax exception. The fact that Schaefer individually used the equipment in public utility service for a time after the sale does not deprive it of its excepted status. It was at no time used for any purpose or in any manner other than in public utility service, and it was never the purpose of the consumer to otherwise use it.
The decision of the Board of Tax Appeals is affirmed. See State, ex rel. Paul Stutter, Inc., v. Yacobucci, Clerk, ante, 20.

Decision affirmed.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell and Herbert, JJ., concur.
- Peck, J., not participating.